FILED
CLERK
8:36 am, Sep 09, 2019
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
JOSEPH MANERI,

                 Plaintiff,        **MEMORANDUM OF**
                                               **DECISION & ORDER**
    -against-                  2:17-cv-322 (ADS) (GRB)

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                 Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Joseph C. Stroble**
*Attorney for the Plaintiff*
40 Main Street
Sayville, NY 11782
      By:    Joseph C. Stroble, Esq.

**United States Attorneys Office, Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
      By:    Candace Scott Appleton, Esq., Assistant United States Attorney.

**SPATT, District Judge**:

On January 20, 2017, the Plaintiff Joseph Maneri (the "Plaintiff" or the "Claimant") commenced this appeal pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant, Nancy A. Berryhill, the then Acting Commissioner of the Social Security Administration (the "Defendant" or the "Commissioner"), that he was ineligible to receive Social Security disability benefits.

Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P.") 25(d), Saul is hereby substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action. *See,*

1

*e.g.*, *Pelaez v. Berryhill*, No. 12-CV-7796, 2017 WL 6389162 (S.D.N.Y. Dec. 14, 2017), *adopted by*, 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

On February 28, 2018, the Court referred the parties' cross motions, pursuant to FED. R. CIV. P. 12(c) for a judgment on the pleadings, to United States Magistrate Judge Gary R. Brown.

On August 29, 2018, Judge Brown issued a Report and Recommendation ("R&R"), recommending that the Court deny the Plaintiff's motion, deny the Commissioner's cross-motion, and remand the case to the Administrative Law Judge ("ALJ") for further proceedings.

Presently before the Court are the Commissioner's objections to the R&R. For the reasons stated below, the Court overrules the Commissioner's objections and adopts the R&R in its entirety.

## I. BACKGROUND

### A. Administrative Proceedings and Initial Proceedings in This Court

The Plaintiff filed an application for Social Security Disability Benefits on December 31, 2013, alleging disability and the inability to work because of a degenerative disc disease of the cervical and lumbosacral spine and cervical radiculopathy, as of March 15, 2011. On April 3, 2014, the Social Security Administration denied the Plaintiff's application, and the Plaintiff requested a hearing before an ALJ.

The Plaintiff appeared with counsel for a hearing before ALJ Ronald Waldman ("the ALJ"), who conducted hearings on November 16, 2015, and April 14, 2016. On June 1, 2016, the ALJ issued a decision finding that the Plaintiff was not disabled as defined in the Act at any time from March 15, 2011, the alleged onset date, through December 31, 2014, the date last insured. In particular, the ALJ ruled that the Plaintiff had the residual functional capacity to perform light work, with certain exceptions.

On November 29, 2016, the Appeals Council denied the Plaintiff's request for review. The ALJ's decision became the final decision of the Commissioner upon the Appeals Council's denial of the request for review.

On January 20, 2017, the Plaintiff brought the present action. On November 20, 2017, the parties submitted the Rule 12(c) motion and cross-motion as fully briefed to the Court.

For purposes of these motions, familiarity with the underlying administrative record is presumed. The Court's discussion of the evidence will be limited to the specific challenges and responses presently raised by the Plaintiff and the Defendant. In this regard, references to the record are denoted as "R."

## B. The R&R

The R&R recommended that the Court deny the motion and cross-motion and remand the case to the ALJ for further proceedings for the following reasons. ECF 29. The ALJ failed to properly evaluate the medical evidence, because "he accorded less than controlling weight to the opinions of the [P]laintiff's treating physicians and assigned greater weight to the non-examining medical expert and consultative examiner, without articulating 'good reasons' for not crediting" the treating physicians' opinions. *Id.* at 28. He specifically erred in assigning "'great weight'" to the report of Dr. Louis Fuchs, a non-examining medical expert—whose report conflicted with the opinions of the Plaintiff's treating physicians—and in affording "'some weight'" to the opinion of Dr. Ammaji Manyam, who performed a consultative medical examination of the Plaintiff. *Id.* at 29–30.

The R&R further recommended denying the motions because of the ALJ's review of the opinions of the Plaintiff's treating physicians. Upon finding that the opinion of Dr. Ruth G. Diaz was incomplete, the ALJ failed to contact Dr. Diaz for clarification so that he could properly

weigh her opinion. *Id.* at 31. He did not "address or mention" the reports made by Dr. John Chinnici. *Id.* at 31–32. The ALJ declined to assign any weight to the opinions of the Plaintiff's physicians at Orlin & Cohen Orthopedic Associates LLP: Dr. Seth Grossman and Dr. Andrew Tarleton. *Id.* at 32–34. In particular, the ALJ could have found probative the reports of Dr. Chinnici and Dr. Tarleton, even though they treated the Plaintiff after the relevant time period. *Id.* at 34. Also, the ALJ also did not properly consider the Plaintiff's own complaints. *Id.* at 34–35.

The Commissioner now objects to the R&R, arguing that: (1) the Magistrate Judge applied an erroneous legal standard as to the weighing of a medical expert's opinion; (2) the Magistrate Judge also applied the wrong legal standard as to the weighing of the examining medical consultant; (3) the finding that the ALJ should have recontacted Dr. Diaz is contrary to regulatory requirements; (4) the finding that Dr. Chinnici and Dr. Grossman provided medical opinion evidence is both incorrect and contrary to regulatory requirements; (5) the Magistrate Judge erred in finding that the ALJ did not properly consider the Plaintiff's subjective complaints; and (6) the finding that the ALJ should have considered Dr. Tarleton's opinion post-dating the ALJ's decision was erroneous. ECF 33. The Plaintiff raises no objections.

## II. DISCUSSION

### A. District Court Review of a Magistrate Judge's R&R

In the course of its review of a Magistrate Judge's R&R, the District Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636 (b)(1); *see DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994). Parties may raise objections to the Magistrate Judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 14 days after being served with a copy of the

4

recommended disposition." FED. R. CIV. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). The district court must conduct a de novo review of those portions of the R & R or specified proposed findings or recommendations to which timely and proper objections are made. 28 U.S.C. § 636(b)(1)(C); *see* FED. R. CIV. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The Court may adopt those portions of an R&R to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

In addition, "'[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error." *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Toth v. N.Y. City Dep't of Educ.*, No. 14-CV-3776, 2017 WL 78483, at *7 (E.D.N.Y. Jan. 9, 2017) ("Reviewing courts should review an [R&R] for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition.") (quoting *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008)), *vacated on other grounds sub nom. Toth on behalf of T.T. v. City of New York Dep't of Educ.*, 720 F. App'x 48 (2d Cir. 2018); *Frankel v. City of N.Y.*, Nos. 06-CV-5450, 07-CV-3436, 2009 WL 465645, at *2 (S.D.N.Y. Feb. 25, 2009) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [R&R] strictly for clear error."); *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (holding that if the objecting party

"makes only conclusory or general objections, . . . the Court reviews the [R&R] only for clear error" (internal citations omitted)).

"The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary." *McCarthy v. Manson*, 554 F. Supp. 1275, 1285–86 (D. Conn. 1982) (internal citations omitted), *aff'd*, 714 F.2d 234 (2d Cir. 1983). "'There is no increase in efficiency, and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge.'" *Toth*, 2017 WL 78483, at *7 (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

### B. Application to The Facts of This Case

As an initial matter, the Court finds that most of the Defendant's objections represent attempts to re-litigate issues already considered by Judge Brown. In particular, these are the objections that Judge Brown allegedly erred in deciding: (1) the wrong legal standard as to the weight of the medical expert's opinion; (2) the wrong legal standard as to weighing the evidence provided by the consultative physician; (3) that the ALJ did not properly consider the Plaintiff's subjective complaints; and (4) that the ALJ should have considered Dr. Tarleton's opinion. *Compare* ECF 24 at 23 ("The opinions of consultative examiners and medical experts can constitute substantial evidence to support the ALJ's decision."), *with* ECF 33 at 4–5 ("[I]t is well-established that the opinion of a medical expert, such as Dr. Fuchs, can constitute substantial evidence, and can be given more weight than the opinion of a treating source."), 7 ("It is well settled that the opinions of consulting physicians, such as Dr. Manyam, can be given weight (even more than that of a treating physician), and constitute substantial evidence.").

Reviewing the R&R for clear error on these issues, the Court finds none. The Court addresses the Defendant's remaining objections—the findings that the ALJ should have recontacted Dr. Diaz and that Dr. Chinnici and Dr. Grossman provided medical opinion evidence—and applies de novo scrutiny. The Court concurs with Judge Brown on these issues as well.

> 1. **As to Whether the Finding that the ALJ Should Have Recontacted the Treating Physician, Dr. Diaz, Was Contrary to the Proper Regulatory Requirements**

Judge Brown found that the ALJ, who had determined that Dr. Diaz's assessment of the Plaintiff was incomplete, was obligated to recontact Dr. Diaz for clarification, so that the ALJ could properly weigh the assessment. ECF 29 at 31. The Defendant asserts that an ALJ is under no duty to obtain additional evidence from a treating source or ask for clarification when declining to give controlling weight to that treating source's opinion where, as here, the record contains sufficient evidence to assess the Plaintiff's residual functional capacity. ECF 33 at 11–12.

Where there are deficiencies in the administrative record, an ALJ is under an affirmative obligation to develop a plaintiff's medical history, even when the plaintiff is represented by counsel. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999). This obligation arises from the "essentially non-adversarial nature of a benefits proceeding." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (internal quotation marks omitted).

However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa*, 168 F.3d at 79 n.5 (internal quotation marks omitted); *see Tankisi vi Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013) (Summary Order) (citing cases from other circuits for the proposition that "remand is

not always required when an ALJ fails in his duty to request opinions, particularly where, as here, the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity"); *Micheli v. Astrue*, 501 F. App'x 26, 30 (2d Cir. 2012) (Summary Order) ("Here, the ALJ properly determined that he could render a decision based on the 500-page record already before him.").

An ALJ has "discretion to 'determine the best way to resolve the inconsistency or insufficiency'" when an ambiguity arises concerning a treating physician's opinion. *Rolon v. Comm'r of Soc. Sec.*, 994 F. Supp. 2d 496, 505 (S.D.N.Y. 2014) (quoting 20 C.F.R. § 416.920b). While regulations have been amended to remove the provision that required an ALJ to recontact a treating physician in the face of an ambiguity, *Quinn v. Colvin*, No. 15-CV-723, 2016 WL 4255020, at 12 n.2 (W.D.N.Y 2016), they still "contemplate the ALJ recontacting the treating physician when the additional information needed is directly related to that medical source's opinion." *Owens v. Berryhill*, No. 17-cv-2632, 2018 WL 1865917, at *7 (E.D.N.Y. Apr. 18, 2018) (Spatt, *J.*) (internal quotation marks omitted); *see also Destina v. Berryhill*, No. 17-CV-2382, 2018 WL 4964103, at * 6 (E.D.N.Y. Oct. 15, 2018); *Jimenez v. Astrue*, No. 12-CV-3477, 2013 WL 4400533, at *11 (S.D.N.Y. Aug. 14, 2013).

Here, the ALJ ruled as follows concerning Dr. Diaz's opinion:

> On December 16, 2013, [Dr. Diaz] opined that the claimant can lift and carry eight to ten pounds occasionally, stand and walk three to four hours in an eight hour workday, and one hour without interruption, sit four hours in an eight hour workday and one hour without interruption, and occasionally climb, stoop, kneel, balance, and crouch. The undersigned gives the opinion some weight but less weight than Dr. Fuchs and Dr. Manyam's as the period of time that the assessment refers to is not defined and is not fully consistent with the medical evidence of record.

R. at 46. Seeking more information from Dr. Diaz was proper in this case. Where a treating physician's opinion is deemed vague or unclear, "it is incumbent upon the ALJ to recontact the

8

treating physician for clarification of his or her opinion." *See Isernia v. Colvin*, No. 14-CV-2528, 2015 WL 5567113, at *10 (E.D.N.Y. Sept. 22, 2015); *see also Heidrich v. Berryhill*, 312 F. Supp. 3d 371, 374 (W.D.N.Y. 2018) ("[T]o the extent that the basis for Dr. Reifenstein's opinions concerning plaintiff's exertional and/or postural limitations was unclear, the ALJ was required to recontact him for clarification."); *Page v. Colvin*, No. 15-CV-792, 2015 WL 960016, at *5 (S.D.N.Y. Dec. 10, 2015) ("[V]agueness alone does not constitute 'good reason' not to give [a treating physician's] opinion controlling weight given the ALJ's duty to develop the record to obtain clarifying information concerning any issue that was vague in [the] opinion.") (citing 20 C.F.R. § 416.912(d)).

On the above-noted basis, Judge Brown properly recommended remanding the case to the Social Security Administration. Not only did the ALJ decline to give the opinion considerable weight based on its lack of clarity, the missing information—the period in which Dr. Diaz made the examinations—is directly related to her medical opinion. *See Owens*, 2018 WL 1865917, at *7. Accordingly, the Court overrules the Defendant's objection in that regard.

### 2. As to Whether the ALJ Erred in Finding that Dr. Chinnici and Dr. Grossman Provided Medical Opinion Evidence

Judge Brown found that Dr. Chinnici and Dr. Grossman provided medical opinion evidence. ECF 29 at 31–32. He further found that the ALJ should have considered these opinions, and that, other than briefly mentioning the Plaintiff's visits to those doctors, the ALJ failed to discuss the weight, if any, that he assigned to those opinions. *Id.*

The Defendant argues that Dr. Grossman did not provide a medical opinion, as contemplated by agency regulations. ECF 33 at 12. Dr. Grossman only provided treatment notes, which are not subject to the treating physician rule. *Id.* at 12–13. As to Dr. Chinnici, the Defendant argues that he, unlike Dr. Grossman, did provide a medical opinion. *Id.* at 12.

9

Regardless, Dr. Chinnici sent that opinion to the Appeals Council, and not the ALJ. *Id.* at 12–13. In addition, Dr. Chinnici is a chiropractor, and is thus not an accepted medical source whose opinion might be entitled to controlling or even special weight. *Id.* at 14. Further, Dr. Chinnici issued a conclusory opinion of disability, which is a determination that only the Commissioner can make. *Id.* The Court considers each of these arguments in turn.

### a. Dr. Grossman

Medical opinions are "statements from acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." 20 C.F.R. § 416.927(a)(2). The Second Circuit has not given explicit guidance on the precise difference between treatment notes and medical opinions. *Artinian v. Berryhill*, No. 16-CV-4404, 2018 WL 401186, at *12 (E.D.N.Y. Jan. 12, 2018) (Spatt, *J.*); *Wider v. Colvin*, 245 F. Supp. 3d 381, 390 (E.D.N.Y. 2017) (Spatt, *J.*); *see also Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8–9 (2d Cir. 2017) (Summary Order) (holding that a court can give less weight to a treating source's medical opinion where the treatment notes contradict the opinion); *Camille v. Colvin*, 652 F. App'x 25, 28 (2d Cir. 2016) (Summary Order) (holding that the treatment notes of the other doctors can be relied upon to override the medical opinion of a treating physician); *Swiantek v. Comm'r of Soc. Sec.*, 588 F. App'x 82, 84 (2d Cir. 2016) (Summary Order) (holding that ALJ did not err in failing to obtain a formal medical opinion from the Plaintiff's treating psychiatrist where the ALJ relied on that doctor's treatment notes); *Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) (Summary Order) (holding that the ALJ was not required to give controlling weight to treating physician's medical opinion where the treatment notes contradicted that opinion); *Pellam v. Astrue*, 508 F. App'x 87, 90 (2d Cir. 2013) (Summary Order) (holding

that an ALJ did not need to acquire a medical source statement from the treating physician when the ALJ had all of the treatment notes from the Plaintiff's treating physicians).

In this case, Dr. Grossman, an orthopedic surgeon, provided the following treatment to the Plaintiff. He examined the Plaintiff twice between May and July 2014. R. at 542–47. At both examinations, he diagnosed the Plaintiff with lumbago and degenerative disc disease of the lumbar spine. *Id.* At the second visit, he noted that the Plaintiff had daily pain but was managing. *Id.* at 544. The ALJ referenced both of these visits in his decision. *Id.* at 46.

A treating physician's diagnoses, prognoses, and statements about a claimant's impairments constitute medical opinions. *Wider*, 245 F. Supp. 3d at 390. Dr. Grossman issued diagnoses of the Plaintiff at the two examinations; thus, he provided medical opinions, and they are subject to the treating physician rule.

Under the treating physician rule, the opinion of a claimant's treating physician as to the nature and severity of the claimant's impairments is given "controlling weight" so long as it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." *Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003) (quoting 20 C.F.R. § 404.1527(d)(2)); *Bonneau v. Astrue,* No. 5:13-cv-26, 2014 WL 31301, at *5 (D. Vt. Jan. 3, 2014) (same). Although the Court is generally required to defer to the medical opinion of a treating physician, *see Schisler v. Sullivan*, 3 F.3d 563, 567–68 (2d Cir. 1993), those findings may not be accorded controlling weight if they are inconsistent with other substantial evidence, including the opinions of other medical experts, *Burgess*, 537 F.3d at 128.

The ALJ must consider the following factors if it decides to afford less than controlling weight to the treating physician's opinion: *"*(1) the frequen[c]y, length, nature, and extent of the

treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013).

In the Second Circuit, the ALJ is required to "give good reasons in [her] notice of determination or decision for the weight [she] gives [a claimant's] treating source's opinion." *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) (internal citations omitted). The ALJ is not required to cite each factor explicitly in her decision, but must ensure she applies the substance of the rule. *Halloran v. Barnhart*, 362 F.3d 28 32 (2d Cir. 2004). The ALJ cannot substitute "[her] own assessment of the relative merits of the objective evidence and subjective complaints for that of the treating physician." *Garcia v. Barnhart*, No. 01-CV-8300, 2003 WL 68040, at *7 (S.D.N.Y. Jan. 7, 2003).

Here, the ALJ did not consider the *Selian* factors, let alone state whether he was applying any weight to Dr. Grossman's opinions. As mentioned above, the ALJ must properly consider the *Selian* factors in order to assign limited weight to a medical opinion. *See, e.g.*, *Owens v. Berryhill*, No. 17-cv-2632, 2018 W L1865917, at *5 (E.D.N.Y. Apr. 18, 2018) (Spatt, *J.*). Thus, the ALJ violated the treating physician rule, and the Court overrules the Defendant's objection.

### b. Dr. Chinnici

The opinion filed by Dr. Chinnici summarized his intermittent treatment of the Plaintiff over a period of six years. R. at 9. He noted that the Plaintiff often complained about pain in his cervical region. *Id.* He concluded that "based on the longevity and the nature of this patient's condition in the cervical and lumbar regions that this patient was permanently disabled and unable to work indefinitely prior to 12/14/2014." *Id.*

Chiropractors are not accepted medical sources whose opinions are entitled to controlling or even special weight. *Diaz v. Shalala*, 59 F.3d 307, 314 (2d Cir. 1995). However, an ALJ "'may not flatly reject them without explaining his basis for doing so.'" *Lolo v. Colvin*, No. 15-CV-625, 2017 WL 85425, at *7 (W.D.N.Y. Jan. 10, 2017) (citing *Nigro v. Astrue*, No. 10-CV-1431, 2011 WL 4594315, at *5 (E.D.N.Y. Sept. 30, 2011) (collecting cases)); *see also Castro v. Comm'r of Soc. Sec.*, No. 15-CV-336, 2016 WL 1274542, at *14 n.9. An ALJ has discretion to determine "[h]ow much weight to give" the opinions of a chiropractor, but "should consider the opinions" and "explain what weight he gives those opinions." *Nigro*, 2017 WL 4594315, at *5; *see also Mortise v. Astrue*, 713 F. Supp. 2d 111, 126 (N.D.N.Y. 2010) (noting that a chiropractor's opinion is not treated with the same deference as a treating physician's opinion, but it is still entitled to some weight, especially when there is a treating relationship with the [p]laintiff") (collecting cases); *Carlantone v. Astrue*, No. 08-CV-7393, 2009 WL 2043888, at *5 (S.D.N.Y. July 14, 2009) (observing that the opinions of chiropractors "are acceptable to show the severity of [a] claimant's impairments").

The Court overrules the Defendant's objection with regard to Dr. Chinnici. The Defendant correctly notes that chiropractors are not accepted medical sources, but this is not a basis for failing to consider a chiropractor's opinion without providing an explanation. *See, e.g.*, *Nigro*, 2011 WL 4594315, at * 5. The Defendant also correctly notes that Dr. Chinnici's opinion was sent to the appeal counsel; and that therefore, it did not have a chance to consider its merits when he issued his decision. However, a party on remand may submit "any additional evidence . . . to assist in the development of the record." *See Rose v. Comm'r of Soc. Sec.*, 202 F. Supp. 3d 231, 247 (E.D.N.Y. 2016) (citing *Yankus v. Astrue*, No. 07-CV-316, 2008 WL 4190870, at *6–8 (E.D.N.Y. Sept. 10, 2008) (noting that on remand, the plaintiff would be able to "present any

evidence she wishes in support of her application"). On remand, the ALJ may consider whether or not Dr. Chinnici's opinion is conclusory.

## III. CONCLUSION

For the foregoing reasons, the Court adopts the R&R in its entirety. The case is remanded for further proceedings. The Clerk of Court is respectfully directed to close the case.

It is **SO ORDERED.**

|  |  |
|---|---|
| _/s/ Artur D. Spatt_ | September 9, 2019 |
| Arthur D. Spatt, U.S.D.J. | Date |